## STEVENSON *v.* STUNKARD ET AL.

### [No. 6,890. Filed December 9, 1909.]

1. ACTION.—*Joint and Several. — Dismissal.—Election.—Bonds.*— Where an action was filed against contractors and their sureties on their joint and several bond for the value of materials furnished, and the plaintiff, after a judgment on demurrer was rendered in favor of such sureties, dismissed as to such contractors, such dismissal does not operate as a discontinuance against such sureties. p. 719.

2. APPEAL.—*Parties.—Dismissal.*—Parties below against whom the action was dismissed are not necessary parties on appeal. p. 719.

3. PLEADING.—*Title.—Name of Court.*—A complaint whose caption reads: "State of Indiana, County of Vigo. In the Superior Court of Vigo County," sufficiently shows the name of the court. p. 719.

4. TRANSCRIPT.—*Certificate.—Clerks of Superior Courts.*—A certificate to a transcript, signed by a person designated as clerk of the Vigo Circuit Court, and ex-officio clerk of the Superior Court of Vigo County, is sufficient, the clerk of the circuit court being ex-officio clerk of such superior court. p. 719.

5. APPEAL.—*Transcript.—Mistake in Designating Proper Trial Court.*—A transcript reciting that there was "filed in the office of the clerk of the Vigo Circuit Court" the following complaint, where the whole record shows that the case was in the Superior Court of Vigo County, is not defective, such mistake being merely a clerical error. p. 720.

6. APPEAL.—*Assignments of Errors.—Sustaining Demurrer to "Complaint."*—An assignment that the court erred in sustaining appellees' demurrer to the "complaint" raises no question, where they did not demur to the complaint as an entirety. p. 720.

7. APPEAL.—*Briefs.—Failure to Discuss Errors.*—Where several alleged errors presenting the same question are discussed together in appellants' brief, such errors are not waived. p. 720.

8. APPEAL.—*Joint Demurrers.—Exceptions.*—A single exception taken to a ruling on a joint demurrer, is sufficient to present the correctness of the ruling as to each specification of such demurrer. p. 720.

9. BILLS AND NOTES.—*Payment.—Prima Facie.*—The acceptance of a negotiable note for a debt is, and the acceptance of a nonnegotiable note is not, a satisfaction of the debt, but such presumption is rebuttable. p. 720.

10. PLEADING.—*Complaint.—Notes.—Payment.*—A complaint alleging that the defendant contractors executed their note as an evidence of certain indebtedness, and not in payment thereof, and

that it was so accepted, shows that there was no payment of the debt.  p. 720.

11.  PRINCIPAL AND SURETY. — *Bonds.* — *Notes.* — *Liabilities.*—The bondsmen for a contractor are not liable on a note executed by such contractor for material used, though they may be liable for the debt evidenced by such note.  p. 721.

From Superior Court of Vigo County; *John E. Cox,* Judge.

Action by Thomas H. Stevenson against James P. Stunkard and another.  From a judgment for defendants, plaintiff appeals.  *Reversed.*

*Tindall & Tindall* and *S. M. McGregor,* for appellant.

*John G. McNutt, Finley A. McNutt* and *Harry S. Wallace,* for appellees.

COMSTOCK, J.—Appellant brought this action to recover on two bonds, which differ only in the amount, given to secure the performance of certain contracts for the improvement of East Main street in the city of Brazil, Indiana.  The complaint is in two paragraphs, which are substantially alike in their material averments.  In the first paragraph the bond, which is made an exhibit, is for $1,000, and in the second paragraph the bond is in the sum of $500.  By said first paragraph it is shown, in substance, that the common council of Brazil, Indiana, in pursuance of a public statute then in force, took all preliminary steps prescribed by the statute for the improvement of a certain street in said city, caused a profile to be made, with plans and specifications, and entered into a written contract with Erler & Peters, a copy of which is set out in the complaint, which provides, among other things, that said Erler & Peters "agree to pay any and all moneys due to any person or persons for any material furnished or labor performed, for and in the prosecution of said improvement."  It is further shown that a bond was given as provided by law for the performance of said contract with the appellees, as sureties thereon, which bond provides, among other things, "that the conditions of this obliga-

tion are such that if the above-named parties of the first part [Erler & Peters], faithfully comply with the foregoing contract entered into, * * * and shall fulfill all the conditions and stipulations therein according to the true intent and meaning thereof in all respects, then this obligation to be void,'' etc. Said paragraph further alleged that afterwards said Erler & Peters entered upon said work, and while so prosecuting said work became indebted to the defendant Sand Creek Limestone Company in the sum of $550 (a bill of particulars of which is filed with the complaint as an exhibit) for stone and materials purchased from said defendant company, and used in and upon said street in improving the same under said contract; that on September 18, 1900, as evidence of said indebtedness, said Erler & Peters executed to said defendant limestone company their note payable at a bank in this State for the sum before named; that as a part of said transaction a second instrument was executed by said Erler & Peters to the defendant limestone company, whereby the clerk of the city of Brazil was authorized and directed to retain out of the East Main street improvement bonds the sum of $550 for said limestone company; that on the . . . . . . . day of . . . . . . . . . . . . . . , 1900, for a valuable consideration, said limestone company assigned and transferred all its right, title and interest in said indebtedness to appellant, and then and there endorsed its name upon the back of said note, intending thereby to assign and transfer its interest in said claim for materials furnished to said Erler & Peters for the purposes aforesaid, and delivered the same to appellant, together with said second written instrument before referred to; that the amount before named is due and unpaid, and appellant has the exclusive right, title and interest in said claim by virtue of an equitable assignment thereof to him by said limestone company. A joint demurrer for want of facts was sustained to each paragraph, and, appellant refusing to plead further, judgment was rendered against him for costs.

It appears from the record that the action was originally brought against Erler & Peters, principals, and Stunkard & Stunkard, sureties; that after judgment had been 1. rendered on the joint demurrer of Stunkard & Stunkard to each paragraph of the complaint appellant voluntarily dismissed the case as to Erler & Peters. Appellees insist that as appellant did not elect at any time to treat the action as one against the defendants severally, the action was discontinued as to the other defendants, appellees herein. Appellees, we think, are in error. The bond is 2. joint and several. Appellant might have sued the principal and sureties or either of them. Erler & Peters are not necessary parties.

On March 19, 1908, defendant Sand Creek Limestone Company filed an answer of disclaimer, and on the same day the court found and adjudged that said defendant had no interest in the matters and things set out in the complaint, and forever barring and estopping said defendant from asserting any claim or interest therein.

Appellees make the point that the complaint does not contain a title of the cause, specifying the name of the court and county in which the action was brought, and the 3. names of the parties as required by §343 Burns 1908, §338 R. S. 1881.

As shown by the transcript, the caption reads: "State of Indiana, County of Vigo, in the Superior Court of Vigo County." The record entries are all signed by the judge of the superior court. The certificate of the clerk is 4. signed by Wm. H. Berry, clerk of the Vigo Circuit Court, and ex-officio clerk of the Superior Court of Vigo County, and has attached the seal of the Superior Court of Vigo County. The clerk of the circuit court is also clerk of the superior court. Acts 1881, p. 93.

Immediately following the caption and names of the parties, the memorandum of the clerk employed the usual form-

ula, viz.: "Be it remembered that on * * * the plaintiff by his attorneys * * * filed in the office of the clerk of the Vigo Circuit Court the following complaint." It is palpably a clerical error, in the view of the signatures, certificates and seal which follow as before set out. The objection is not well taken. *Citizens St. R. Co.* v. *Shepherd* (1902), 30 Ind. App. 193; *Brandis* v. *Grissom* (1901), 26 Ind. App. 661.

It is further claimed in behalf of appellees, that the first assignment of error—that the court erred in sustaining the demurrer of appellees Stunkard & Stunkard to the complaint—raises no question, because they did not demur to the complaint as an entirety. This objection is sustained by the record.

It is also claimed that the second, third, fourth and fifth specifications of error, questioning the correctness of the court's rulings on appellees' demurrer to each paragraph of complaint, are waived by a failure to discuss them. This claim cannot be allowed. Appellees filed a joint demurrer to each paragraph, which demurrer was overruled and excepted to. The specifications are discussed together. A single exception was taken to the overruling of said demurrer. This was sufficient. *Whitesell* v. *Strickler* (1907), 167 Ind. 602, 119 Am. St. 524; *Bedford Quarries Co.* v. *Bough* (1907), 168 Ind. 671, 14 L. R. A. (N. S.) 418.

Appellees insist that the debt is paid by the execution of said note. The acceptance of a note not governed by the law merchant for a previously existing debt does not operate as a payment thereof, unless it be so plainly stipulated between the parties. The acceptance of a negotiable note given for a like indebtedness is presumed to be received in payment. This presumption, however, is not conclusive and may be rebutted. The allegations as to the note are sufficient to repel the presumption of payment, whether the note be held to be negotiable or

nonnegotiable under the law merchant. It is expressly alleged that said note was given as evidence of the indebtedness of said Erler & Peters to said limestone company, and not in payment thereof, and not intended to be in payment, and was not accepted as such; that in said assignment said company intended to transfer to appellant its claim for material furnished to said Erler & Peters. The sureties are not liable on the note. The bond was given to secure the payment for material furnished by any person. The debt for the materials in question is alleged to have been assigned to appellant, and a breach of the bond is shown. A recovery is not sought on the note, but on the itemized account. These averments are sufficient to present the issue of title in the appellant of the debt of which the note is an evidence.

In the able brief of appellees, cases are cited in support of the rulings of the trial court. They are not applicable to the facts as they appear in the record before us. The contract, the bond to secure the performance of the same, the breach of the bond, and the equitable assignment of the claim for such unpaid indebtedness to appellant, all appear by the complaint.

Judgment reversed, with instructions to overrule appellees' joint demurrer to each paragraph of complaint, and for further proceedings consistent with this opinion.