[L. A. No. 3681. In Bank.—May 12, 1917.]

## FIRST CONGREGATIONAL CHURCH OF CHRIST, IN CORONA, CALIFORNIA (a Corporation), Respondent, v. C. L. LOWREY and PACIFIC SURETY COMPANY (a Corporation), Appellants.

Surety — Building Contract — Material Alterations. — Alterations and omissions in a contract for the erection of a building, aggregating in value upward of $575, are material, so far as affects the liability of the surety on the bond of the contractor.

Id. — Alterations Without Consent of Surety — Exoneration of Surety.—Under sections 2819 and 2840 of the Civil Code, a surety of a contractor for the erection of a building is exonerated by any material alteration in the terms of the building contract, made without his consent, and it is immaterial whether the alteration has or has not been to the injury of the surety.

Id.—Rule of Exoneration Applicable to All Sureties or Guarantors.—The rule declared by those sections, exonerating a guarantor or surety, if, without his consent, the original obligation of the principal is altered in any respect, is applicable alike to compensated or uncompensated sureties, whether individual or corporate, including those who make a business of entering into contracts of suretyship for compensation.

APPEAL from a judgment of the Superior Court of Riverside County. F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

Ben. Goodrich, and Goodrich & Martinson, for Appellants.

Purington & Adair, and G. R. Freeman, for Respondent.

HENSHAW, J.—This is an action brought against the surety on a contractor's bond. Defendant Lowrey had entered into a contract with the plaintiff for the construction of a church. He abandoned his contract and plaintiff brought its action against him and against his surety to recover the amount of damages which it sustained by reason of this abandonment. The contract between the owner and the contractor made provision for alterations, deviations, additions, or omissions in the work to be done, and provided that the

reasonable value should be added to or deducted from the contract price, "provided, however, that the character and valuation of any or all of said changes, omissions, or extra work should be agreed upon and fixed in writing, signed by the owner and the said contractor prior to the commencement of the work of making such alterations, deviations, additions or omissions." The court found that certain alterations and omissions were made and were agreed to between plaintiff and the defendant Lowrey. It found the value of these, item by item—one item amounting to $164.25, another to $209, and a third to $204. It further found that the character and value of these changes, omissions, and extra work were agreed upon between the owner and contractor, but were not agreed upon and fixed in writing, or signed by the owner and contractor, prior to the commencement of the work, or at all. It still further found, "That none of such alterations, deviations, or omissions were detrimental to the interests of the defendant Pacific Surety Company, and did not materially alter the terms or conditions of said contract or bond, or change the contract between the plaintiff and said Lowrey or said Pacific Surety Company."

That the alterations, changes, and omissions were material, within the meaning of the decisions, there can be no doubt. (*Alcatraz etc. Assn.* v. *United States Fidelity & Guaranty Co.*, 3 Cal. App. 338, [85 Pac. 156]; *Barrett-Hicks Co.* v. *Glas*, 9 Cal. App. 491, [99 Pac. 856]; *O'Neal* v. *Kelly*, 65 Ark. 550, [47 S. W. 409]; *Beers* v. *Wolf*, 116 Mo. 179, [22 S. W. 620).]

Because of this finding that these changes were neither material nor detrimental to the surety, the trial court gave judgment for plaintiff, and this appeal has followed.

Appellant here contends that under our statute law and under our decisions, since the agreement between the owner and the contractor, the terms of which agreement measure the surety's rights and liabilities under its contract, were changed in a material respect without the consent of the surety, he is released from his obligation. Respondent contends that the trend of modern decision no longer favors those sureties who enter into such contracts for compensation and as a business; that as to them the rule of law permitting a guarantor to stand upon the letter of his contract is no longer in force; that the law governing insurers is the

law which should be applied to them, and that in applying such law, to be relieved, they must not only show a variation, and a material variation, of the terms of the contract upon which their own contract of surety was based, but must further show that such material variation was injurious. Undoubtedly there is authority for such a view, and many of the cases so holding will be found collated and discussed in the note to *Cowles* v. *United States Fidelity & Guaranty Co.,* 98 Am. St. Rep. 838, and in Frost's Guaranty Insurance, section 4 et seq. It would serve no profitable purpose to analyze these decisions, nor to search the laws of the states which have rendered them to determine whether or not the courts were, as this court is, bound by positive statutory declaration upon the subject, for in view of our own code provisions such a discussion could have no value. It would be but a declaration by this court as to what it might think the law should be, but it could in no wise control our law as it actually is written. Our code speaks with absolute finality upon the subject. Section 2819 of the Civil Code provides that a guarantor "is exonerated, . . . if by any act of the creditor, without the consent of the guarantor, the original obligation of the principal is altered in any respect." (See, also, Civ. Code, sec. 2840, applying the same rule to sureties.) Our decisions construing these sections uniformly hold that if there has been such a change in the contract in any (material) respect, the inquiry there ends, and the guarantor is exonerated, and that it is not a subject of inquiry whether the alteration has or has not been to his injury. (*Cadenasso* v. *Antonelle,* 127 Cal. 382, [59 Pac. 765] ; *Tally* v. *Parsons,* 131 Cal. 516, [63 Pac. 833] ; *Davisson* v. *East Whittier Land Co.,* 153 Cal. 85, [96 Pac. 88] ; *Tuohy* v. *Woods,* 122 Cal. 665, [55 Pac. 683] ; *Dunne Investment Co.* v. *Empire State Surety Co.,* 27 Cal. App. 208, [150 Pac. 405).] It is to be noted, then, that neither our statute law nor our decisions under it have ever recognized that there is any distinction between a compensated and uncompensated surety or guarantor, nor between a corporate surety and an individual surety, nor between a corporation or an individual engaging in the business of suretyship or guarantyship for compensation and a corporation or individual who enters into a like contract without compensation. To impose such distinctions, while sections 2819 and 2840 of the Civil Code read as they now read upon

the books, would not be to interpret and to enforce the written law, but to make new law in hostility to it. It is for the legislature and not for the courts to modify our statute law, if the law-making body shall believe that its former declarations touching the rights and liabilities of sureties and guarantors should be modified in respect to those sureties and guarantors who become such for compensation.

The judgment appealed from is therefore reversed.

Melvin, J., Shaw, J., Sloss, J., and Angellotti, C. J., concurred.