STATE, EX REL. HUGHES ET AL., *v.* ADAMS.

[No. 23,278. Filed February 20, 1918.]

1. MUNICIPAL CORPORATIONS.—*Public Improvement.—Bonds.—Nature.*—Bonds given to secure the performance of street improvement contracts providing that the contractor shall pay for all materials used, create a legal responsibility not only for the protection of the city but for the benefit of those furnishing materials, who may maintain an action thereon in their own names. p. 168.

2. PRINCIPAL AND SURETY.—*Release of Surety.—Extensions.*—An accommodation surety, being a favorite of the law, should be dealt with in a spirit of utmost good faith; and such surety is entitled to the strict terms of his engagement, of which the obligor and obligee must take notice. p. 168.

3. PRINCIPAL AND SURETY.—*Extensions.—Release of Surety.*—A contract made with the principal debtor, without the consent of the surety, extending the time of payment for a definite period, releases the latter from liability. p. 169.

4. PAYMENT.—*Accepting Note.—Presumptions.*—The acceptance of a note negotiable by the law merchant as an inland bill of exchange, operates as *prima facie* evidence of payment, but such *prima facie* case may be rebutted by showing that such note was not so accepted. p. 169.

5. PRINCIPAL AND SURETY.—*Release of Surety.—Extensions.*—Where neither the bond nor the contract fixed the time for

State, ex rel. *v.* Adams—187 Ind. 165.

maturity of the surety's obligation and the time of acceptance of the work was not stipulated in the bond as the time for payment for materials, the surety on a contractor's bond to secure performance and the payment of materialmen was not released by renewals of a note given by the principal to a materialman, which note was executed as evidence of the indebtedness and not as payment. p. 169.

6. PRINCIPAL AND SURETY. — *Release of Surety.* — *Strictissimi Juris.*—The character and responsibility assumed by a surety on a contractor's bond to secure the performance of an improvement contract prevents the application of the stringent rule of *strictissimi juris*, especially where the surety fails to protect himself against unnecessary delay in the presentation of claims. p. 170.

7. PAYMENT.—*Pleading.*—*Sufficiency.*—In an action against a surety on a contractor's bond, an averment that the contractor gave a note and that it was accepted as payment of the debt is sufficient to require a reply, and is not demurrable. p. 170.

8. PAYMENT.—*Findings.*—*Effect.*—A finding that a note was accepted as evidence of a debt is not equivalent to a finding that it was accepted as payment of the debt. p. 171.

From Monroe Circuit Court; *Robert W. Meirs,* Judge.

Action by the State of Indiana, on relation of David Hughes and another against Ben F. Adams, Jr. From a judgment for defendant, the relators appeal. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590). *Reversed.*

*Ira C. Batman, Robert G. Miller* and *James W. Blair,* for appellants.

*John F. Regester,* for appellee.

MYERS, J.—On June 20, 1911, to the knowledge of the relators, appellee became surety on a construction bond, given to secure the faithful performance of a contract by Smith and Son, as contractors, with the city of Bloomington, Indiana, for the improvement of a certain street in that city. The contract, among other things, provided that the contractors, James H. Smith and Walter Smith, would pay all amounts due any person or persons for material for any work in connection with the

contract. The bond, among other things, provided that the contractors "shall pay all claims for labor employed upon and materials used in the construction of said improvement by himself; his assigns, subcontractors, servants, agents and employes, then this obligation shall be void; otherwise it shall remain in full force and effect." Relators were materialmen who had furnished to the contractors, at their request, gravel and cement, which were used by them in making the improvement.

On December 1, 1911, the contract was completed, and the work accepted and approved by the city. The gravel and cement so furnished and not paid for by the contractors or anyone else amounted in price to $379. On December 18, 1911, the personal account of the contractors, individually, to the relators was $24.55, and on that day James H. Smith and Walter Smith, the contractors aforesaid, executed a promissory note, covering the sums mentioned, whereby they promised to pay relators, three months after date, $403.55, negotiable and payable at the Monroe County State Bank. This note was accepted by the payees as evidence of said indebtedness, and for the purpose of being endorsed and used by the relators to secure money from said bank, and it was so used. The note was not paid at maturity, but was renewed by the makers for another three months, and when due it was again renewed by James H. Smith for an additional three months, falling due September 18, 1912. Each renewal was used to replace the prior one with the bank, until the bank was paid and the last renewal taken up by relators. The original note and the renewals have not, nor has any part thereof, been paid. The appellee was not a party to the giving of either of the notes, and had no knowledge of their execution until long after September 18, 1912.

The foregoing facts, in substance, were specially found by the trial court, and on which the court con-

cluded the law to be with appellee. Judgment followed that the relators take nothing by their complaint, etc. Relators' motion for a new trial was overruled, and on this ruling, as also on the overruling of their demurrer to the third paragraph of appellee's answer, and to the conclusions of law, errors are here assigned. These several alleged errors, differing only in the form presented, tender the same question, Did the execution of the note discharge appellee as surety on the bond? This is a suit on the bond, and the alleged breach was the failure to pay for materials furnished by appellants, and recovery is sought on an itemized account.

Looking to the stipulations of the bond, it is clear that appellee, as surety, assumed a dual obligation: (1) To the city for the completion of the contract; (2) to laborers and materialmen for the payment of their claims for labor and material done and used in making the improvement.

This court has held that a bond in all material respects the same as the one now before us creates a legal responsibility, not only for the protection

1.   of the city, but that it "inures to the benefit of those furnishing said materials who may maintain an action thereon in their own names." *Aetna Indemnity Co.* v. *Indianapolis, etc., Fuel Co.* (1912), 178 Ind. 70, 98 N. E. 706, and cases there cited. *Korsmeyer Plumbing, etc., Co.* v. *McClay* (1895), 43 Neb. 649, 62 N. W. 50; *Morton* v. *Harvey* (1899), 57 Neb. 304, 77 N. W. 808.

From aught that appears in this case appellee was an accommodation surety, a favorite of the law, and in good conscience should be dealt with in a spirit

2.   of the utmost good faith. He is also entitled to the strict terms of his engagment, of which the obligor and obligee must take notice. *Greenfield Lumber, etc., Co.* v. *Parker* (1902), 159 Ind. 571, 65 N. E.

747; *Cadenasso* v. *Antonelle* (1899), 127 Cal. 382, 59 Pac. 765.

It is equally well settled, as claimed by appellee, that a contract "made with the principal debtor, without the consent of the surety, extending the time of payment for a definite period, releases the latter from liability" (*Gipson* v. *Ogden* [1885], 100 Ind. 20; *Alexander* v. *Capitol Lumber Co.* [1913], 181 Ind. 527, 105 N. E. 45), and that the acceptance of a note negotiable by the law merchant as an inland bill of exchange, operates as *prima facie* payment of a simple contract debt, but such *prima facie* case may be rebutted by showing that such note was not so accepted. *Stevenson* v. *Stunkard* (1909), 44 Ind. App. 716, 90 N. E. 106.

Upon these general principles appellee relies to sustain the judgment of the trial court. While they are unquestionably the law, do they control this case? We think not. The instrument or bond in this case does not fix the maturity of appellee's obligation, nor does the contract for the performance of which it is given. The bond provides that the contractors shall pay for all materials used in the construction of the improvement, but the time when the payment shall be made is not stated. The amount and the time of payment are indefinite, and in this particular quite unlike a case where the debt is known, as also the time of its maturity. In this case it might be said that relator's claim would be due within a reasonable time after the completion of the improvement, or upon demand, or, if the materials were sold to the contractor on time, then at the expiration of that time. In either case the time for payment in case of default by the principal obligor must depend on circumstances outside of the bond provisions. These suggestions are offered merely to indicate the flexible character of appellee's

contract, but our opinion rests on the wording of the instrument which is the basis of this suit. The fact of the completion of the contract and the acceptance of the work by the city, in the absence of a stipulation in the bond to the effect that all claims for materials should then be due and payable, would not necessarily fix the time of payment for materials. Nor does it follow from the finding that the "note was accepted as evidence of said indebtedness and for the purpose of being endorsed and used by Hughes Bros. to secure the money from the bank" that it was accepted in payment to the advantage of the surety on the bond. We doubt if the principal, or appellee, at the time of the execution of the bond, knew when or by whom the materials for the improvement would be supplied, or under what conditions as to time of payment such purchases would be made, or when the bills therefor would be presented for payment. In the very nature of the contract all of these matters are ordinarily left to the contractor.

We have no doubt that a surety, by proper stipulation, may protect himself against unnecessary delay in the presentation of claims, if the claimant looks to him. There was no attempt to do so in this case. For this omission and because of the character and responsibility a surety assumes in cases of this character—building or improvement contracts—the stringent rule of *strictissimi juris* cannot be applied, as enforced for the benefit of sureties on commercial paper. *United States Fidelity, etc., Co.* v. *United States* (1903), 191 U. S. 416, 24 Sup. Ct. 142, 48 L. Ed. 242.

Appellee in his answer avers that on December 18, 1911, relators made a complete settlement with Smith and Son as contractors, at which time the amount due for the materials furnished by relators was due and payable; and that in payment thereof and, in settlement of the same, James H. Smith and

Walter Smith executed to the relators their promissory note. A demurrer to this answer for want of facts was rightly overruled. The averment that the note was accepted in satisfaction and payment of the debt is sufficient to require of relators a reply. *American, etc., Machine Co.* v. *Gurnee* (1878), 44 Wis. 49. But the special findings, as we have seen, show that the note was given as evidence of the debt. This does not amount to a finding that the note was accepted in payment of the debt, which is the issue tendered by the answer and reply in denial.

For the reasons stated, the judgment of the trial court is reversed, and cause remanded with instructions to grant appellants a new trial, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 118 N. E. 680. Principal and surety: (a) what will release or discharge surety, 28 Am. St. 691; (b) effect under negotiable instrument law of extension of time to principal to release a surety or guarantor, 31 L. R. A. (N. S.) 149; (c) discharge of a surety or guarantor by the creditor's acceptance of bill or note from debtor, 4 Ann. Cas. 884, Ann. Cas. 1912B 485. See under (2) 32 Cyc 73; (3) 32 Cyc 191; (4) 30 Cyc 1197, 1271, 1272; (5) 32 Cyc 196.