[No. 19390. Department One. January 15, 1926.]

M. WATANABE, *Appellant*, v. T. M. OTA, *Respondent*.[1]

[1] INDEMNITY (5)—CONSTRUCTION OF CONTRACTS—SCOPE AND EXTENT
OF LIABILITY. Where, at the time a surety signed a note for the
accommodation of another, a second note was given to the surety
for his protection, by the principal maker and others who were
not obligated on the first note, the obligation is one of indemnity
and not of suretyship; so that extension of time on the first
note did not discharge the indemnitors from their obligation
to pay the second note, after the payee thereof was forced to pay
the first note.

Appeal from a judgment of the superior court for
King county, Smith, J., entered April 2, 1925, dis-
missing an action on contract, upon sustaining a de-
murrer to the complaint. Reversed.

*Moore & Higgins,* for appellant.

*Arthur C. Dresbach,* for respondent.

FULLERTON, J.—To the complaint of the plaintiff,
Watanabe, filed in the court below, the court sustained
a general demurrer, and upon the election of the
plaintiff to stand on the complaint, entered a judgment
dismissing the action. The plaintiff appeals.

The facts disclosed by the complaint are in substance
these: In April 1920, one Mizukami desired to borrow
from the Japanese Commercial Bank, of Seattle, the
sum of $900. The bank would not accept the surety he
then offered and he sought the aid of the appellant.
The appellant then had securities satisfactory to the
bank, and a loan was made on the pledge of the se-
curities, the bank taking a promissory note which
Mizukami and the appellant signed as makers. The
note was due by its terms on June 2, 1920. At the

[1]Reported in 242 Pac. 379.

same time, Mizukami, together with one Nozawa, one Mochizuki, and the respondent Ota, executed and delivered to the appellant a note for $1,000, due on May 31, 1920, two days before the note given the bank became due; both notes being in form negotiable instruments. These were all of the writings that were executed between the parties, but the complaint alleges, and it seems reasonable to suppose, that the writings were a part of a single transaction; that it was the purpose of the second note to protect the appellant against the liability he assumed when he executed the note to the bank. Neither of the notes was paid at the date of their maturity. The one to the bank was renewed from time to time on the payment of the interest accruing thereon, and was finally paid by the appellant on June 16, 1924, the amount due thereon at that time in principal and interest being $932.

The record, as transmitted to this court, does not disclose the reasons which actuated the trial court in sustaining the demurrer. It is to be gathered from the briefs of counsel, however, that the court deemed that the makers of the second note stood in the relation of parties secondarily liable upon the first, and were relieved from liability because of the several extensions of time given for the payment of that note, it not being shown that the extensions were made with the assent of the makers of the second note. If the relation of the makers of the second note to the first is that here assumed—that is to say, if the makers of the second note were secondarily liable on the first—there is force in the reason given; as the negotiable instrument act (Rem. Comp. Stat., § 3510, Subd. 6) provides that a person secondarily liable on an instrument is discharged by any agreement binding upon the holder of the instrument to extend the time of payment, unless made with the assent of the party secondarily liable.

[1]   But we are not persuaded that this assumption correctly defines the relation of the parties. If we look to the instruments alone to find that relation, there is nothing upon which it can be based. The instruments are each direct promises to pay money, with no conditions or limitations attached, and, plainly, from any recitals they contain it cannot be said that the signers of the second note are liable in any manner upon the first. But conceding that we are bound by the allegations of the complaint to the effect that the second instrument was given to protect the appellant against his liability upon the first note, it does not follow that the makers of the second note are liable upon the first. Their liability is not to the bank, but to the appellant. It was an obligation to protect him against a liability he assumed, not to pay the obligation creating the liability. The contract was in its nature one of indemnity, and did not render them either primarily or secondarily liable on the obligation given by the appellant to the bank. It must follow from this that the renewal of the note given the bank did not affect their liability, unless, of course, it in some way operated to their injury. But the contract being in the nature of an indemnity, whether they were or were not injured was a matter of defense, and need not appear as an allegation of the complaint.

The diligence of counsel has not brought to our attention any case whose facts parallel the present one. The nearest approach to it is the case of *Morehead v. Citizens' Deposit Bank*, 130 Ky. 414, 113 South. 501, 23 L. R. A. (N. S.) 141. In that case, one J. W. Morehead was indebted to the Citizens' Deposit Bank. The bank agreed that if he would execute a note and secure it by proper collateral, he could have further time in which to pay the indebtedness. The debtor brought his father to the bank, when the matter was explained

to him by a bank officer. The father thereupon executed
and delivered to the son a note payable one day after
date for a sum equal to the son's indebtedness to the
bank. The bank accepted the note as proper collateral,
and took a note from the son for the debt payable at
a future date. This note was not paid at maturity,
but was renewed some three or four times, the son
finally becoming bankrupt. The bank then sued the
father on the collateral note, and recovered in the
court below. The father appealed, and the court of
appeals reversed the judgment on the ground that the
father was in effect a surety on the note of the son,
and that as such he was discharged from his obligation
by the several renewals of the note. There is, we think,
such a difference in the facts of this case and the case
at bar as to render the one not authority for the other;
but, if we are mistaken in this view, we cannot follow
the conclusion the court reached. Our reason we have
hereinbefore indicated. There is no question of second-
ary or primary liability. The makers of the second
note are charged as indemnitors. They guaranteed
the appellant against loss on the obligation he assumed,
not against the payment of a particular instrument;
and, since he suffered a loss, he may recover from the
indemnitors, unless they are able to show that by some
act of his they have been relieved from their obli-
gations.

The judgment is reversed, and the cause remanded
with instructions to reinstate the case and overrule the
demurrer. Leave will be granted the respondent to
answer over, if he so requests.

TOLMAN, C. J., MITCHELL, and HOLCOMB, JJ., concur.