INDEPENDENT SCHOOL DIST. NO. 41 ex rel CRANE CO., Respondent, v. SLOAN et al, Appellant.

(224 N. W. 182.)

(File No. 6446. Opinion filed March 16, 1929.)

*Kirby, Kirby & Kirby* and *Frank G. McCormick,* all of Sioux Falls, for Appellant.

*Jones, Matthews & Fitzpatrick,* of Sioux Falls, for Respondents.

MISER, C. The Morey Plumbing Company, hereinafter referred to as "the contractor," contracted with Independent School District No. 41 to provide the material and to do the designated plumbing and heating construction work in a school building at Freeman. Western Surety Company, appellant herein, hereinafter known as "surety," executed the bond required by section 7615, R. C. 1919, of the contractor. Crane Company furnished the contractor the plumbing material used by it. The school district paid the contractor in full, but the contractor paid only part of Crane Company's bill. Crane Company, in the name of the school district, but for its own benefit, brought this action, under section 7616, R. C. 1919, against the contractor and the surety for the unpaid balance. The contractor having been adjudged bankrupt, the trustee for said bankrupt was substituted as a party defendant. The court gave judgment to the plaintiff for $392.15, with interest. From the judgment, and the order denying a new trial, the surety appeals.

The contract price for the plumbing and heating was $8,700. The school district paid to the contractor $9,025.71, the $325.71 excess being for extras and additions. The abstract does not itemize these extras and additions. It discloses, however, that a soft-water pipe line not called for in the specifications was installed, part of the materials for which were included in a Crane Company invoice of $34.65, and that possibly an extra shower in addition to those specified was installed. Other than this, the abstract does not disclose the nature of these extras and additions. These additions or alterations were made by the contractor at the request of the board of education of the school district and the arrangements therefor were made by the president of the board. These additions were not authorized in writing by the architect, nor was the surety

notified that they were being made. Appellant claims that the making of these additions on the parol order of the board of education changed the contract, so as to release the surety, under the provisions of sections 1491 and 1504, R. C. 1919.

The contract in the case at bar contained the following section: "Except when authorized in writing by the architect, neither the clerk of the works or a superintendent has authority to add or deduct from the work called for under the contract, or to order any changes therein." Assuming that the foregoing required written authorization for such additions or alterations as were made, all of which were mutually agreed upon by the owner and contractor and fully paid for, it does not appear how either the contractor or the surety was prejudiced by the failure to have the architect make a written order therefor.

On this point, the Minnesota court, in Milavetz v. Oberg, 138 Minn. 215, 219, 164 N. W. 910, 912, says: "While there are decisions to the contrary, the weight of authority is to the effect that the contractor waives a provision that changes shall be ordered or agreed upon in writing by making the changes without requiring written authority for them, and that his waiver of this formality is not a matter of substance, and does not operate to release his sureties [citing many cases]. It was so held by this court as to a compensated surety [citing cases]."

However, the principal point urged by appellant is that the making of these alterations and additions changed the contract, so as to release the surety. As to this, it should be observed that the bond itself contained the following clause: "Provided that any alterations which may be made in the terms of the contract, or in the work to be done under it, * * * or any other forbearance on the part of either the owner or the principal to the other, shall not in any way release * * * the surety or sureties, * * * from their liability hereunder, notice to the surety or sureties of any such alteration, extension or forbearance being hereby waived."

In view of the fact that the bond contained the foregoing provision, and that the contract contained the section hereinbefore quoted, as well as the fact that our sections 1491 and 1504, R. C. 1919, are identical with California statutes, the case of Roberts v. Security Trust & Savings Bank, 196 Cal. 557, 238 P. 673, is helpful. In this case, the California court considered the earlier case

of First Congregational Church v. Lowrey, 175 Cal. 124, 165 P. 440, on which appellant relies. In the Roberts Case, the court said:

"Provisions in building contracts similar in language and in effect have been frequently construed by the courts. The rule seems to be thoroughly well established that where alterations and changes are made pursuant to such agreement they are binding upon the surety unless they are so extensive and material as to amount to a departure from the original contract rather than a permissible modification of its details. Equitable Surety Co. v. McMillan, 234 U. S. 448, 457, 34 S. Ct. 803, 58 L. Ed. 1394."

In the case at bar, the record does not show that the changes made were either so extensive or material as to amount to a departure from the original contract. The extras, additions, and alterations aggregated less than 4 per cent of the original plumbing and heating contract. For all these extras, additions, and alterations the contractor received full compensation. From the standpoint of the materialman, for whose benefit this suit was brought, and for whose protection the law required the contractor to furnish the bond, the cost to the contractor of the extra pipe, shower, and other materials was only a part of the $325.71 excess for which the contractor was paid, and a consequently smaller percentage of the original contract.

We therefore conclude that the judgment and order appealed from should be and they are affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.

MISER, C., sitting in lieu of BROWN, J., absent.