[Civ. No. 1643.   Second Appellate District.—February 17, 1915.]

## THE PANAMA COMMERCIAL COMPANY, Respondent, v. C. H. TINGEY et al., Defendants; UNITED STATES FIDELITY & GUARANTY COMPANY (a Corporation), Appellant.

CONTRACTS — STREET WORK — BOND — MATERIALS FURNISHED SUB-CONTRACTOR—MEASURE OF RECOVERY ON BOND.—In an action against a surety upon a bond given by a contractor contracting with a city for certain street work, for materials furnished by the plaintiff to a sub-contractor for use in the work, the measure of recovery is the value of the materials, although the measure of recovery in an action against the sub-contractor on his contract, would be the price specified in the contract.

APPEAL from a judgment of the Superior Court of San Diego County.   C. N. Andrews, Judge.

The facts are stated in the opinion of the court.

Patterson Sprigg, for Appellant.

Morganstern, McGee, Henning & Hendee, for Respondent.

SHAW, J.—The facts in this case are identical with those in the case of *Williams* v. *Tingey, ante,* p. 574, [147 Pac. 584]

(Civ. No. 1625), an opinion in which was this day filed affirming the judgment.

Plaintiff obtained judgment, from which defendant United States Fidelity & Guaranty Company appeals.

The only point made herein by appellant, other than those presented in the other case, is that the action was to recover on the bond the value of the materials furnished and it appeared in the course of the trial that the materials were furnished pursuant to a contract made with one Rubendahl, sub-contractor under Tingey. The action was to recover upon the covenant contained in the bond to the effect that defendant Tingey and appellant would pay for the materials used in the performance of the work. While the price specified in the contract would be the measure of recovery in an action thereon against Rubendahl, with whom the contract was made, nevertheless, as against defendants, in an action on the bond the measure of recovery as against them was the value of the materials, which appears to have been as specified in the contract under which the materials were furnished to Rubendahl.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.