[S. F. No. 6508.   Department One.—May 13, 1915.]

## S. J. PRINCE et al., Respondents, v. WILLIAM J. HILL et al., Appellants.

MECHANIC'S LIEN—VOID CONTRACT—LIEN OF SUBCONTRACTOR LIMITED TO AGREED PRICE.—Where the original contract for the erection of a building is void as between the owner and the contractor, a subcontractor, who has furnished materials and done work upon the building for the contractor at an agreed price, is entitled to a lien, under section 1183 of the Code of Civil Procedure, only to the extent of such agreed price, notwithstanding the actual value of such materials and work exceeded that price.

ID.—NOTICE OF LIEN—NAME OF PERSON TO WHOM MATERIALS WERE FURNISHED.—The notice of lien of a subcontractor sufficiently shows the name of the person to whom the materials were furnished, when it states that a designated person "is the name of the contractor," who on a day certain "entered into a contract in writing with" the claimants, under which the latter were to perform labor and furnish materials to be used in the construction of the building, and then sets out the subcontract, states that it has been fully performed by the claimant, and that the building has been completed.

APPEAL—PETITION FOR REHEARING—NEW POINTS NOT CONSIDERED.—The supreme court will not on a petition for a rehearing consider new points not mentioned in the briefs upon which the case was submitted.

APPEAL from an order of the Superior Court of Monterey County refusing a new trial. B. V. Sargent, Judge.

The facts are stated in the opinion of the court.

Charles B. Rosendale, and C. F. Lacey, for Appellants.

J. H. Andresen, and W. S. White, for Respondents.

SHAW, J.—The records present an appeal from an order denying the defendants' motion for a new trial.

The plaintiffs sued to foreclose a lien for work done and materials furnished by them to the defendant, Whitcomb, in the erection by Whitcomb of a building upon the land of the defendants, William J. and Isabelle A. Hill. The contract between Whitcomb and the Hills was for more than one thousand dollars and, although in writing, was not recorded. It was therefore void with respect to lien claimants.

The plaintiffs agreed with Whitcomb to do the carpenter work and furnish certain materials for the building for the sum of eight hundred and twenty dollars. It is alleged that certain extra work was done and additional materials furnished, at Whitcomb's request, of the value of $183.66 and that there remains unpaid of these two sums a balance of $217.66. Judgment was given declaring and foreclosing a lien on the land for this amount.

Upon the trial, the court below admitted evidence, over the defendants' objection, tending to show that the value of the materials furnished and work done for Whitcomb by the plaintiffs, upon the building, was greater than the agreed price thereof. In admitting this evidence the court below stated that the plaintiffs were entitled to a lien for the value of such work and materials although such value exceeded the contract price for which they had agreed with Whitcomb to do and furnish the same. In these rulings the court erred. Even with regard to the contract between the owner and the original contractor, the decision in *Rebman* v. *San Gabriel etc. Co.,* 95 Cal. 395, [30 Pac. 564], to the effect that the original contractor may recover more than his contract price where such contract is void under the statute, has long been overruled and such recovery is limited to the contract price. (*Laidlaw* v. *Marye,* 133 Cal. 176, [65 Pac. 391]; *Marchant* v. *Hayes,* 117 Cal. 669, [49 Pac. 840]; *Sullivan* v. *California*

CLXX Cal.—13

*R. Co.,* 142 Cal. 203, [75 Pac. 767] ; *Condon* v. *Donahue,* 160 Cal. 754, [118 Pac. 113].) Much less should the subcontractor, the validity of whose contract is not in the least affected by the provisions of the Mechanics' Lien Law, recover for a value in excess of his agreement with the original contractor. It has never been so held and the contrary has been decided. (*Jewell* v. *McKay,* 82 Cal. 150, [23 Pac. 139] ; *Kellogg* v. *Howes,* 81 Cal. 179, [6 L. R. A. 588, 22 Pac. 509].) In *Jewell* v. *McKay,* referring to the provision of section 1183 of the Code of Civil Procedure, that where the original contract is void the labor done and materials furnished upon the building by others than the original contractor "shall be deemed to have been done and furnished at the personal instance of the owner, and they shall have a lien *for the value thereof,*" the court said: "It cannot possibly have been the intention that a contractor, materialman, or laborer, who agrees for a certain sum, can have a lien for a greater sum upon the ground that the value of what he furnished is greater. . . . We think the word 'value' in the above provision is to be construed so as to mean 'agreed value' in cases where there is an agreed value." This expresses the true intent of the above provision, as applied to the point in question.

Our attention is called to the decision of the district court of appeal in *Panama etc. Co.* v. *Tingey,* 26 Cal. App. 576, [147 Pac. 585], in which that court apparently held that under the statute requiring contractors for street work to give a bond to secure to laborers and materialmen the value of work done and materials furnished for the improvement, the actual value of the work or materials is the measure of the recovery and not the amount agreed upon. We need express no opinion as to the soundness of this opinion as applied to the street-work law. It is of no binding force as an interpretation of the Mechanics' Lien Law, and, so far as the latter is concerned, it is contrary to our own decisions, which are paramount in authority to those of the district court of appeal.

But although the court admitted this evidence, its finding was not based upon it. The findings set forth the subcontract and state that the value of the work done and materials furnished thereunder is the sum agreed upon therein. The error was therefore without injury to the appellants.

The only other point urged in support of the appeal is that the notice of lien does not give the name of the person to whom the materials were furnished. The criticism is not supported by the language of the notice. It states that "F. T. Whitcomb is the name of the contractor," who on August 2, 1909, "entered into a contract in writing with" the plaintiffs, under which plaintiffs were to perform labor and furnish materials to be used in the construction of the building. It then sets out the subcontract with Whitcomb, states that the same has been fully performed by the plaintiffs and that the building has been completed. This sufficiently shows that the name of the person to whom the materials were furnished and for whom the labor was done was F. T. Whitcomb. The statute does not require such literal exactness and rigid adherence to precise form as the appellants contend.

The order is affirmed.

Lawlor, J., and Sloss, J., concurred.

Hearing in Bank denied, and the following opinion rendered thereon on June 12, 1915:

THE COURT.—The defendants have filed a petition for rehearing in which they present arguments and points not mentioned in the briefs upon which the case was submitted. This court has consistently declined to consider petitions for rehearing presenting new points. In *Payne* v. *Treadwell* (16 Cal. 247), it held that it was too late to urge a point for the first time in a petition for rehearing, after the case had been fully considered and decided by the court upon the points presented in the original briefs. In *Kellogg* v. *Cochran* (87 Cal. 200, 12 L. R. A. 104, [25 Pac. 677]), it said: "We have decided—and with manifest propriety—that we will not grant a rehearing in order to consider points not made in the argument upon which the case was originally submitted." In *San Francisco* v. *Pacific Bank* (89 Cal. 25, [26 Pac. 615, 835]), the court said: "The court will not consider a petition for rehearing that attempts to discuss the case on grounds not presented in the original argument, or discussed in its opinion."

Upon these grounds it is clear that the petition must be denied. It is so ordered.