[Civ. No. 963. Fourth Appellate District.—November 3, 1932.]

H. G. FENTON MATERIAL COMPANY (a Corporation), Respondent, v. BERT NOBLE et al., Defendants; DETROIT FIDELITY AND SURETY COMPANY (a Corporation), Appellant.

Lobdell & Watt for Appellant.

Charles C. Crouch for Respondent.

BARNARD, P. J.—In this action, brought under the so-called Public Works Act (Stats. 1919, p. 487), as amended (Stats. 1925, p. 538), the plaintiff sought to recover for materials furnished to a contractor for use in the construction of a public highway.

Among other things, the complaint alleged that the defendant Noble entered into a contract with the county of San Diego whereby he agreed to construct a certain paved road, and that in accordance with the provisions of the act, the defendant Noble, as principal, and the defendant Federal Surety Company as surety, executed a labor and material bond. If is then alleged that between June 23, 1930, and December 26, 1930, at the special instance and request of Noble, "the plaintiff furnished materials, to-wit, gravel, crushed rock, expansion joints, and reenforcing steel to be used in, and which were used and consumed in the performance of the said work, at the agreed price of, and of the reasonable value of, twelve thousand one hundred five dollars and seventy-one cents ($12,105.71) ''. After alleging the completion of the work, its acceptance, the filing of notice of completion, and the filing of a verified claim by the plaintiff, the complaint alleges the execution and delivery by the defendant Noble as principal, and the defendant Detroit Fidelity and Surety Company, as surety, of a bond a copy of which is attached to the complaint. This bond is what is commonly known as a "release bond" and was given under the provisions of section 2 of this act, as amended in

1925. The defendant Detroit Fidelity and Surety Company in its answer denied on information and belief, that the plaintiff furnished materials "at the agreed price of, and of the reasonable value of" the precise amount named in the complaint. After a trial, the court found in favor of the plaintiff, including the finding that at the special instance and request of the defendant Noble, "the plaintiff furnished the said defendant with materials, to wit, gravel, crushed rock, expansion joints, and reenforcing steel to be used in, and which were used and consumed in the performance of the said work, which said materials were furnished at the agreed price of twelve thousand, ninety-nine dollars and one cent ($12,099.01)". From the ensuing judgment the Detroit Fidelity and Surety Company alone has appealed.

The first point raised is that a materialman cannot recover from a surety, on such a bond as this, any sum in excess of the reasonable value of the materials furnished, and that the findings herein will not support the judgment since the court made no finding on the issue presented as to the reasonable value of these materials. In other words, the contention is that the surety on such a bond as this can be held only for the reasonable value of the materials furnished and not for the agreed price thereof.

The appellant relies particularly on *Panama Commercial Co.* v. *Tingey,* 26 Cal. App. 576 [147 Pac. 585], and *Hammond Lumber Co.* v. *Richardson Bldg. & Eng. Co. et al.,* 209 Cal. 82 [285 Pac. 851]. In the latter case, it was stated that the obligation of a surety on a bond is not to pay the agreed price of materials furnished, but the reasonable value thereof. That was a mechanic's lien case and in addition to the more stringent rules applied in such cases, the language used in section 1183 of the Code of Civil Procedure furnishes a basis for such a statement. A different kind of statute is under consideration here. In *A. L. Young Machinery Co.* v. *Cupps,* 213 Cal. 210 [2 Pac. (2d) 321, 322], the court said: "It has repeatedly been held in reference to the 1919 act, and its predecessors, that such acts are to be more liberally construed than the mechanic's lien statutes, and that the reasons for giving a limited construction to the latter are not applicable to the former. (Citing cases.)" While the first case above cited lends some support to appellant's contention, the actual decision

therein went no further than holding that an action could be maintained for the reasonable value of materials furnished, and that such reasonable value had been proved. The interpretation of the decision in that case, which is contended for by the appellant here, was somewhat questioned in *Prince* v. *Hill,* 170 Cal. 192 [149 Pac. 578]. In any event, in view of other decisions in this state, we feel that the principle apparently there expressed should not be applied in relation to a bond given in accordance with the provisions of section 2 of this act, as amended in 1925. As is pointed out in the opinion in *A. L. Young Machinery Co.* v. *Cupps, supra,* it has been held under the 1919 act and similar public work statutes that rentals, money expended, and money spent for various supplies and equipment, are all recoverable against the surety. The cases there cited in support of that proposition and a number of other cases along that line, all indicate that a recovery was allowed on the basis of the contract price of the materials furnished. None of this line of cases seem to hold that the reasonable value of such materials must be proved in such an action and most, if not all, of them seem to have been decided on the basis of the price of the articles furnished or the amount paid which, in effect, is an allowance of the agreed price.

While the precise question now before us seems not to have been passed upon, this statute, as it existed prior to its amendment in 1925, has been considered in several cases. In *Cooley* v. *Freeman,* 204 Cal. 59 [266 Pac. 545], in passing upon the liability of the surety on a bond given in accordance with the provisions of section 1 of this act, it was held that the obligation in question was not affected by the terms of the original contract under which the work was done, but that the liability of the surety is controlled by the provisions of the 1919 statute. It was pointed out that the surety had agreed to pay for the materials furnished in the event the contractor failed to pay for the same, the court then saying: "The obligation of the surety is to supply to persons in the class of respondent, a quick, reliable and sufficient means of payment. No lien law is available to persons performing labor or furnishing materials which go into the construction of public works." In *Williamson* v. *Egan,* 209 Cal. 343 [287 Pac. 503], there was involved the question of the liability of a surety upon a bond given under the

provisions of section 1 of the act, for the rental value of certain mules and certain tools under an agreement as to the price. In speaking of an amendment to the complaint, which apparently based the claim upon reasonable value, the court said: "It is asserted that the purported amendment was in fact not such, but was the statement of a new cause of action. The original complaint was for the contract price of the teams and the amendment sought to add a count for the reasonable value of the rented equipment. However, recovery was allowed to the plaintiff upon the cause of action stated in the original complaint for the contract price, and the error, if any, in permitting the amendment would not affect the merits of the case nor warrant a reversal of the judgment." In the same case it was further said:

"It is contended, finally, that as against the defendant Surety Company the judgment is erroneous because it makes no allowance in rental for the time the teams might not have worked on the job due to rain or unfavorable conditions; that the surety is liable only for rental during the time the teams were actually used on the work of improvement. This argument is predicated upon the language of the bond obligating the surety to pay for labor, materials, etc., 'used in, upon, for or about the performance of the work'. We are not disposed to give so narrow a construction to the terms of the bond. The plaintiff did not agree to permit his teams to be present on the job, ready to work at any and all times, but without compensation in the event they could not work for a day or more or for a fractional part of a day because of conditions over which plaintiff had no control. It is not shown that the contract for rental was unreasonable, nor that it did not represent the usual terms and charge for such rental. Delays due to the weather were a part of the surrounding circumstances which entered into the cost of the improvement. The bond sued upon here is one required by statute and its provisions are to be liberally construed to effectuate its purpose."

From the language there used, it would appear that a recovery was allowed in that case, based upon the contract or agreed price of the things furnished, and in accordance with the terms of an agreement. The case of *A. L. Young Machinery Co.* v. *Cupps, supra,* also involving a bond given under the provisions of section 1 of this act, was one brought

to collect the balance of the purchase price of the equipment furnished. It was held that a complaint based upon such purchase price stated a cause of action. As we read these cases involving sureties on bonds given under section 1 of this act prior to its amendment in 1925, they do not support the contention that recovery under such a bond cannot be had on the basis of the agreed price of the articles furnished.

In 1925, section 2 of this act was amended in such a manner as to provide that anyone furnishing materials who had not been paid by the contractor might file a verified statement of his claim with the public body that had awarded the contract. It was then provided that if the contractor against whom any such claim was filed should dispute the correctness or validity of any such claim, he might secure a release of the money tied up through the filing of such a claim, by furnishing a new and additional bond. The statute provides that this bond ''shall guarantee the payment of any sum which said claimant may recover on said claim, together with his costs of suit in said action, if he shall recover therein, and upon the filing of said bond by and with the consent of such board, commission or officer, then such board, commission or officer shall not withhold any moneys from said contractor on account of said claim.'' It will be noted that the bond thus provided for has no reference to any lien but is purely a release bond to be given to secure the release of certain moneys upon certain definite conditions. These conditions relate only to the controversy between the claimant and the principal on the bond, who is presumably the party who agreed to pay for the materials furnished. The bond relates only to that controversy and the statute provides that it shall guarantee the payment of any sum which the claimant may recover on his claim as so filed against the contractor. The bond here in question was given pursuant to the provisions of this amendment and for the purpose of securing the release of money which had been tied up by the filing of the respondent's claim against the defendant contractor. The bond executed by this appellant after various recitals, contained the following: ''Whereas, certain claimants and materialmen have filed stop notices and claims against the moneys to be paid to Bert Noble for the work so performed according to the above contract, and, whereas, said Bert Noble now disputes the correctness and

validity of one of said claims, to-wit, the claim of the H. G. Fenton Material Company whose claim has been filed with said Board of Supervisors for the amount of $10,484.94, and, whereas, the amount of said claim that is not contested is in the sum of $3,701.55, and the contested amount is in the sum of $6,783.44; . . . ''

And also the following: ''The Condition of The Above Obligation is such that if the said claimant above named, whose claim is disputed by said Bert Noble, shall recover on its said claim, said principal and surety holds harmless said W. S. Heller, County Treasurer, and the said County of San Diego, California, and guarantees the payment of any sum which said claimant the H. G. Fenton Material Company may recover on said claim, together with its costs of suit in said action if it shall recover therein, not exceeding the penal amount of this said bond.''

By the terms of the bond this appellant specifically guarantees the payment of any sum which the respondent might recover on its claim against the defendant Noble. Being a statutory bond, it is to be liberally construed and since by its terms the surety agrees to pay any amount which may be recovered by the respondent as against the party with whom he was dealing, we think the agreed price of the materials furnished could be recovered by the respondent and that the same is within the obligation assumed by the surety. We therefore hold that the court's finding as to the agreed price of the materials furnished is sufficient to support the judgment.

A further consideration here is the fact that this case was unquestionably tried upon the issue as to what was the agreed price of the materials, and not upon any issue as to the reasonable value thereof. While this appellant denied upon information and belief the allegation in the complaint to the effect that the agreed price and the reasonable value of the materials was the amount named, its counsel stated at the outset of the trial that its defense would largely follow the defense of the defendant Noble. Counsel for the defendant Noble then stated, in effect, that he denied that the agreed price and/or the reasonable value of the materials was the sum named in the complaint and that he claimed, as a matter of fact, that ''the agreed price and the reasonable value of said materials was and is'' a

lesser sum, which was named. While the transcript of the evidence contains 485 pages, only three lines on one page is devoted to the question of reasonable value, consisting of one question and the answer thereto. All of the rest of the transcript relates to a controversy as to whether, under the agreement between the respondent and Noble, a certain discount should be allowed and as to which of the two should pay the freight on the materials furnished, both of which matters were decided by the court in favor of the respondent. It further appears that the only question asked and answered in relation to the reasonable value of the articles furnished failed to take into consideration the conditions in controversy and, in fact, no evidence was given as to the reasonable value of the materials at the place and under the conditions found by the court to have existed. While this appellant complains that the court has failed to find upon a material issue, namely, the reasonable value of the materials, there is no evidence in the record justifying such a finding as it is claimed should have been made, and the record shows the case was tried entirely upon the question of what was the contract between the parties. If it be conceded that an issue as to the reasonable value of these materials was raised by the pleadings, it was practically, if not entirely, abandoned at the trial, and is pressed for the first time on this appeal.

■ The second point raised is that the court erred in excluding evidence of prior contracts between the same parties. In most of the matters referred to the court merely sustained objections to questions calling for the opinion of a witness, or to the asking again of questions which had already been answered. In the only other ruling of which complaint is made, the court merely refused to permit further examination of a witness in reference to other contracts between the parties, not involved herein. If received, the evidence would have been merely cumulative and the entire situation was brought out by other evidence. There seems no possibility that a different ruling would have changed the result and under article VI, section 4½ of the Constitution, if any error is shown, it is not reversible.

■ The last point raised is that the judgment is erroneous since there is no proof that the materials furnished by the respondent were used and consumed in the public work

involved in the original contract. If it be assumed that this question is material in this action upon a bond given to secure the release of money upon an agreement to pay any judgment that might be obtained against the parties securing the release of the money, we think the point can be of no avail to this appellant. The record shows that the materials involved in this action were shipped to the site of the job; that the defendant contractor instructed the board of supervisors to pay freight charges thereon; and that the defendant contractor's cost records show that the cost of the material was included in a heading entitled "Stock Pile on this Job". The court found that the materials furnished were used and consumed in the work in question, and such evidence as there is in the record would justify the court in drawing the inference that the materials involved herein were actually used on this project. (*Garvey School Dist.* v. *Paul,* 50 Cal. App. 75 [194 Pac. 711]; *Pacific Wood & Coal Co.* v. *Oswald,* 185 Cal. 321 [197 Pac. 70].) It further appears that appellant's counsel at the opening of the trial stated that his defense was largely the same as that of the defendant Noble. The defendant Noble not only admitted, by failing to deny, the allegation of the complaint that the materials in question were used and consumed on this particular public work, but his attorney stated at the opening of the trial that the only issues to be tried were as to the amount that should be paid for the materials in question. The record shows that in the long trial which followed the only controversy was over the terms of the contract and whether or not a particular discount should be allowed. The point is not only raised for the first time on appeal, but no error is shown.

The judgment appealed from is affirmed.

Marks, J., and Jennings, J., concurred.