[Civ. No. 1461.   Fourth Appellate District.—November 27, 1933.]

M. F. PRESCOTT et al., Appellants, v. W. C. FARQUHAR et al., Respondents.

470

Burton E. Hales for Appellants.

Hert & Withington for Respondents.

BARNARD, P. J.—The plaintiffs brought an action in claim and delivery against one Ray Dillingham for the purpose of recovering the possession of certain fixtures installed and used in operating a service station, consisting of pumps, storage tanks and other accessories. A deputy sheriff served the papers in that action on Dillingham, took possession of the property and, some hours later, redelivered the property to that defendant after receiving a bond executed by the defendants in this action. This bond recited that whereas the officer did on a day named "take from possession of the defendant or proceeded to take from the defendant" certain property which is described and, "whereas the said defendant desires to have the said property returned to him by the said J. A. Rivera. Now therefore, we, the undersigned, . . . in consideration of the prem-

ises and of the redelivery of said property to the defendant do hereby jointly and severally undertake . . . and promise to the effect that we are bound in the amount herein stated, for the delivery of said property to the plaintiff, if such delivery be adjudged, and for the payment to him of such sum as may, for any cause, be recovered against the defendant.'' Attached to the bond was an affidavit, signed by each of these defendants, to the effect that he was worth the amount named in the bond over his debts and liabilities.

The plaintiffs recovered a judgment against Dillingham which was only partly satisfied and, after demand and refusal to pay, brought this action against the bondsmen to recover the unpaid balance. The court found in all respects in favor of the plaintiffs except that it was found that the deputy sheriff ''never took or seized the personal property described in plaintiffs' amended complaint by virtue of said proceedings, or otherwise, but that J. A. Rivera, acting as such deputy, appeared at the place of business of Ray Dillingham for the purpose of taking possession of said property but that possession was never actually so taken, and that the defendants herein executed the bond set out in and marked Exhibit A in plaintiffs' Amended Complaint, and delivered the same to the said J. A. Rivera, but that the sureties on said undertaking, the defendants herein, did not give notice to the plaintiffs of their intention to justify upon said bond and the said defendants herein did not justify upon said bond as provided in section 515 of the Code of Civil Procedure of the State of California, or otherwise; and the Court further finds that the justification of the defendants as such sureties was not waived by the plaintiffs.'' The court thereupon drew the conclusion that the plaintiffs were entitled to take nothing in this action and entered judgment in favor of the defendants, from which judgment the plaintiffs have appealed.

The only questions requiring consideration are whether the findings that the deputy sheriff did not take possession of the property and that justification of the sureties on the bond was not waived by the plaintiffs, respectively, are supported by the evidence.

█ With respect to the first of these matters the deputy sheriff testified that upon receiving the papers in the claim

and delivery action he went to the service station operated by Dillingham for the purpose of serving the papers and taking possession of the property; that he took a truck with him; that he served the papers upon Dillingham and took possession of the property and was about to move it; that this was about 11 o'clock in the morning; that he took possession of the property and when Dillingham assured him that he was going to furnish a bond he waited there; that "I was in possession of the property until he told me that Mr. Farquhar and Mr. Hansen would sign. I gave him time then and they furnished the bond and I left the property. I was prepared to take the property away as in all such cases"; that he made a return of the papers as "executed" on that day; that he stayed there for an hour or more until Dillingham "proceeded to have the bonds ready"; that "I released it to him because Mr. Farquhar told me he would go on the bond and that was enough"; that he informed Dillingham what he was going to do by virtue of the process and that he would have carried this through if he had not been furnished the undertaking; that after he had been there an hour and a half Farquhar told him he would sign the bond and he sent the truck away; and that he went away before he got the bond but came back and got it late that afternoon. Dillingham testified that the deputy sheriff came to his place of business and handed him the papers, which he accepted; that the deputy told him he had come to take the property; that he was accompanied by two men in a truck; that he asked for time to put up a bond and the deputy sheriff told him he could have two or three hours or a reasonable length of time to get a bond before he dug the things up; that he told him he thought he could get a bond executed by these respondents which the deputy said would be all right; that he went away to see about the bond and left the deputy sheriff there; that an hour or two later he returned and the deputy sheriff was gone; that about 6 o'clock the deputy sheriff returned and Farquhar was there with the bond; and that when they told him the bond was ready the deputy said it was all right. The respondent Farquhar testified that he was at the service station about 1 o'clock that day and remained for half an hour; that he told the deputy sheriff that he was going to sign a bond and that

this was satisfactory to him; and that he returned to the service station that evening and delivered the bond to the deputy sheriff, who then went away.

The respondent contends that the evidence shows that this bond was given to prevent the taking of the property in a claim and delivery action and not to secure a return of property thus taken. However, the evidence to the effect that the papers were served and the deputy sheriff took possession is not disputed. ■ Nor do we think it was necessary, under these circumstances, for the officer to dig up the tanks and disconnect the other equipment and physically take possession of the same in order to reduce the same to his possession. We know of no law requiring such an unreasonable action under the circumstances that here confronted the officer. Having served the papers and taken possession, and while still remaining on the premises in charge of the property, it was perfectly reasonable to give the defendant in the claim and delivery action an opportunity to provide a bond for the purpose of securing a redelivery of the property. The fact that the deputy sheriff left the premises for a time before the bond was actually delivered to him does not indicate that the officer had then redelivered the property to Dillingham for Dillingham was not there at the time he left. Farquhar met the officer there and delivered the bond. While the officer may have taken some chances in leaving the property before receiving the bond no outside interests have intervened. Most of the evidence indicates the property was not redelivered until the bond was delivered. ■ If, technically, the officer may be said to have redelivered it by leaving it for a time upon the agreement that a certain bond would be furnished, the legal result is the same. The bond was furnished as agreed for the purpose of securing a redelivery and the property was redelivered in consideration of the bond. Irrespective of when the technical redelivery took place, the entire evidence shows that the bond was given to secure such a redelivery and not to prevent the officer from serving the papers and taking possession of the property in the first place. In our opinion, the evidence fails to support the finding that the officer did not take possession of this property.

■ Upon the question of justification, the uncontradicted evidence shows that after receiving the bond the officer asked the attorney for the plaintiff in the claim and delivery action if he wanted the sureties on the bond to justify and the attorney told him that he knew both men who had signed the bond and that he would waive justification. The officer testified that he did not require the sureties to justify because it was satisfactory to plaintiffs' attorney. We find no evidence to support the finding that justification was not waived. The respondent relies on the case of *Bailey* v. *Baker*, 28 Cal. App. 537 [153 Pac. 242]. In that case, the sheriff still had possession of the property and had not redelivered it to the defendant in the action and it was held that under those circumstances the failure of the sureties on the bond to justify constituted an abandonment by the defendant in the action of his attempt to secure a return of the property. That case is not authority for the proposition that a defendant in a claim and delivery action can secure a redelivery of property taken by furnishing a redelivery bond and, while keeping the property, nullify the bond and release the sureties from liability by neglecting to have them justify, a duty which is affirmatively placed upon them by the statute, especially where justification has been waived by the plaintiff. There is no question of abandonment of an attempt to secure a return of the property in this case. The bond was executed and delivered for the purpose of having the property redelivered, which was done, and the defendant retained the property and continued to contest the action.

■ The respondents' main reliance seems to be based upon the fact that the bond in question, after reciting that the officer did on a certain day take certain property from the possession of the defendant, contains the additional clause ''or proceeded to take from the defendant''. We cannot see that this clause nullifies the recital that the officer took the property from the possession of the defendant. The bond goes on to recite that the defendant ''desires to have the said property returned to him'' and the obligation of the bond is expressly stated to be assumed in consideration ''of the redelivery of said property to the defendant''. The bond was delivered while the officer was upon the premises to which the fixtures were attached. The

respondents are not only bound by their contract and estopped to deny the recitals therein, but the facts show a taking of possession and a redelivery which is sufficient under such circumstances. Having secured a redelivery by means of this bond, the respondents should neither be heard to say there was no taking of possession which necessitated a redelivery, nor should they be permitted to escape the plain obligation they have assumed by relying on the claim that they have themselves failed to justify in the manner required of them by the statute.

For the reasons given the judgment is reversed.

Marks, J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 21, 1933.