[Civ. No. 1593.   Fourth Appellate District.—March 4, 1936.]

M. F. PRESCOTT et al., Appellants, v. W. C. FARQUHAR et al., Respondents.

Burton E. Hales for Appellants.

Hert & Withington for Respondents.

SCOVEL, J., *pro tem.*—In about the month of September, 1930, plaintiffs herein filed an action in claim and delivery against one Ray Dillingham, praying for the recovery of certain personal property then in the possession of said defendant or for the value thereof in case a delivery could not be had, together with damages for the detention thereof.

The plaintiffs in said action made the affidavit, requisition and bond as provided in sections 510, 511 and 512 of the Code of Civil Procedure. These documents were delivered to J. A. Rivera, constable of Redlands Township, who was also a special deputy sheriff. Rivera went to the property upon which the personal property described in the claim and delivery action was located and told Dillingham that he was taking possession of the property. Dillingham stated that he would put up a redelivery bond to retain possession of the property. This bond was thereafter given by him to the constable, the sureties thereon being the defendants in the action from which this appeal is taken. Plaintiffs in the claim and delivery action recovered judgment for the return of the property or the value thereof if delivery of said property could not be had, "together with the sum of $600 damages suffered by the plaintiff by way of depreciation in the value of said property since the commencement of the action". In its findings of fact, upon which such judgment was based, the court found, among other things, "that the property described in plaintiffs' complaint was regularly taken by the sheriff of San Bernardino county by virtue of the written requisition, affidavit and undertaking furnished by the plaintiff and that within five days thereafter the defendant filed a redelivery bond and that the said property was redelivered to the defendant, Ray Dillingham, who continued to hold and use the same until the date of the trial herein".

The defendant in said action, having failed to pay the judgment for $600 damages for depreciation in the value of the property, plaintiffs thereupon filed this action against the defendants herein, sureties upon the redelivery bond.

At the first trial hereof, judgment was entered in favor of the defendants, from which an appeal was taken, and the judgment reversed, this appeal being reported in *Prescott et al.* v. *Farquhar et al.*, 135 Cal. App. 469 [27 Pac. (2d)

390]. After the return of the *remittitur,* the action was again tried and judgment entered in favor of the defendants, from which judgment this appeal is taken. At the trial thereof, evidence was introduced on behalf of the defendants tending to show that the affidavit, requisition and bond in the original claim and delivery action were never delivered to the sheriff of San Bernardino County; that in seizing or attempting to seize the property involved in the action, J. A. Rivera was in truth and in fact acting as constable of Redlands Township and not as a deputy sheriff and that no actual seizure was made. ■ The respondents herein therefore contend that since no legal seizure was made there could be no redelivery and that the bond given by them to secure a redelivery was without consideration and void.

Without passing upon the sufficiency of the evidence to sustain respondents' position, we are of the opinion that any such contention has been answered adversely by the findings and judgment of the court in the claim and delivery action and that the defendants are therefore barred from raising such defense at this time.

Section 1911 of the Code of Civil Procedure provides what matters are concluded by a judgment as follows: "Matters concluded by judgment. That only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto."

In *Kruger* v. *California Highway Indemnity Exch.,* 201 Cal. 672, at page 679 [258 Pac. 602], the court quotes with approval the following statement of the rule from *Pioneer Savings & Loan Co.* v. *Bartsch,* 51 Minn. 474 [53 N. W. 764, 38 Am. St. Rep. 511]: "Hence, if a surety stipulated for any particular method by which the liability of his principal or of himself shall be fixed, he is bound by it. If he has undertaken either expressly or by implication from the position which he had assumed with reference to pending litigation, to be responsible for the result of a suit between others, to which he is not a party, and to which he has not been made privy by notice and an opportunity to defend, then, in the absence of fraud or collusion, the judgment against the principal alone would be conclusive evidence against him of every fact which it was necessary to find to recover such judgment. This would be because he had so contracted."

It will be recalled that the judgment, upon which the action herein is based, was for the recovery of damages for the detention of the property by the defendant in the claim and delivery action from the time of its redelivery until the time of trial. In order for the plaintiff in such action to have recovered such judgment, there necessarily was involved a determination of the legality of the redelivery, and the court in the claim and delivery action having rendered judgment against the defendant for depreciation of the property after its redelivery, must have found as the basis upon which to render such judgment that the property was seized by the sheriff and properly redelivered to the defendant. If therefore follows that the matter is now *res judicata* in so far as the defendant in that action and the sureties on his redelivery bond, the respondents herein, are concerned.

To support the judgment, respondents raise the further point that no justification upon the redelivery bond was ever made by them. The same contention was made in the former appeal herein, *Prescott* v. *Farquhar, supra*. And whether or not the ruling therein made is the law of the case upon this appeal, we are of the opinion that it sets forth a true statement of the new law applicable to the case wherein it states that "having secured a redelivery by means of this bond, the respondents should neither be heard to say there was no taking of possession which necessitated a redelivery nor should they be permitted to escape the plain obligation they have assumed by relying on the claim that they have themselves failed to justify in the manner required of them by the statute".

The judgment is reversed.

Barnard, P. J., and Marks, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 30, 1936.