**GLENS FALLS INSURANCE COMPANY, Appellant,**

v.

**MURRAY PLUMBING AND HEATING CORPORATION, etc., Appellee.**

No. 18779.

United States Court of Appeals
Ninth Circuit.

April 8, 1964.

Rehearing Denied May 20, 1964.

Dillavou & Cox, C. C. Dillavou, George M. Cox, and Phillip R. Nicholson, Los Angeles, Cal., for appellant.

Spray, Gould & Bowers, and Daniel O. Howard, Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY and BROWNING, Circuit Judges.

BARNES, Circuit Judge:

This was an action brought below by Murray Plumbing and Heating Corporation to recover against Glens Falls Insurance Company on a certain "Bond to Release Money Withheld on Stop Notice." This bond was executed and delivered by appellant, as surety, and B. C. Metcalf, General Contractor, Inc., as principal, to the obligee named therein, the Los Angeles City Junior College District of Los Angeles County.

The action was instituted in the Superior Court of the State of California, and removed to the United States District Court on diversity grounds. 28 U.S.C. § 1441.

Appellee's motion for summary judgment was granted below, and appellant appeals. Jurisdiction here rests on 28 U.S.C. § 1291.

Both sides agree that the California Code of Civil Procedure § 1192.1 is the statute under which the Bond was filed by the appellee, a subcontractor. Each side agrees that the subcontractor had the right to file the claim or "Stop Notice." They disagree as to the rights of the claimant and the liability of the surety arising from and as a result of the § 1192.1 procedure.

Subsection (f) of § 1192.1 reads, in material part, as follows:

> "If the contractor * * * against whom any claim is filed * * * disputes the correctness or validity of the claim * * * public disbursing officer * * * may permit the contractor to whom the contract was awarded to deliver * * * a bond * * * in a penal sum equal to one and one-fourth times the amount of the claim, *which bond shall guarantee the payment of any sum which the claimant may recover on the claim together with his costs of suit in the action, if he recovers therein.* * * * *The sureties upon the bond are jointly and severally liable to the claimant with the sureties upon the contractor's bond* given in accordance with Chapter 3 of Division 5, Title 1 of the Government Code." (Emphasis added.) Cal. Code Civ.P.

Section 1197.1 [1] sets forth time *limits* within which actions to enforce payment must be filed—usually not prior to thirty days and not later than one hundred and twenty days after notice of completion has been recorded.

In this case, appellee had an arbitration clause in its contract with the general contractor, and chose not to pursue the stop notice remedy outlined in § 1197.1 once the stop notice bond had been filed. After receiving a favorable award in the arbitration, appellee had the award confirmed by the Superior Court of the State of California, giving it the status of a court judgment (Cal. Code of Civil Proc. §§ 1284, 1287.4). It then sued the appellant, as surety.

This it cannot do, says appellant, (a) because appellee's *sole* remedy is under § 1197.1, Cal.Code Civ.Proc., and related sections; (b) because appellee was not a named obligee of the bond, and (c) be-

---

1. § 1197.1 reads:

"*Commencement and limitations of actions; maximum time for withholding funds; notices; consolidation of actions; impleading*

"(a) No action to enforce the payment of any claim, notice of which may be given pursuant to Article 2, shall be commenced against the owner, nor against the State or any public board, commission, or officer thereof, nor against any political subdivision of the State or the disbursing officer thereof whose duty it is to make payments under provisions of such contract, prior to the expiration of the period within which claims of lien must be filed for record, as prescribed by Section 1193.1 of this code, nor shall any such suit be commenced later than 90 days following the expiration of such period. No money or bond shall be withheld by reason of any such notice as is prescribed by Article 2 longer than said 90 days following the expiration of such period unless proceedings be commenced in a proper court within that time by the claimant to enforce his claim; and in case such proceedings be so commenced but be not prosecuted to trial within two years after the commencement thereof, the court may in its discretion dismiss the same for want of prosecution; and in all cases upon the dismissal of such proceedings, unless it be expressly stated that the same is without prejudice, or upon a judgment rendered therein against the claimant, or upon the termination of said 90 days above provided if such proceedings have not been commenced, such notice shall cease to be effective and the moneys or bonds withheld shall be paid or delivered to the contractor or other person to whom they are due.

"(b) Notice of such proceedings shall be given or filed within five days after the commencement thereof to the same persons and in the same manner as provided in Article 2 of this chapter with respect to notice of claim.

"(c) Any number of persons who have given such notices may join in the same action and when separate actions are commenced the court first acquiring jurisdiction may consolidate them.

"(d) Upon the demand of the owner the court shall require all claimants to the moneys withheld by the owner in response to such notices to be impleaded in said action, to the end that the respective rights of all parties may be adjudicated and settled therein."

cause the surety was not a party to, or on notice of, the arbitration.

Appellant further asserts that the release bond was furnished to the School District for *its* protection, and appellee has no standing to recover on it, second, that if appellee can sue, and the appellant surety is liable directly to it under the provisions of the statute, then appellee must follow the stop notice procedure, and no other; third, that appellee did not have a valid contractor's license and therefore cannot sue (Calif.Bus. & Prof. Code § 7028).

■ As to the third argument (which we consider first), we find appellee is a validly licensed contractor under California law.

The subcontract was entered into between B. L. Metcalf, General Contractor, and "Murray Company." Plaintiff and appellee herein is a corporation named "Murray Plumbing and Heating Corporation, a California corporation, doing business as Murray Company." "Murray Company" was never licensed as a contractor as required by the laws of the State of California. It was the only named subcontractor in the "subcontract agreement" (Tr. p. 19). The fact that plaintiff may have filed a "Certificate of Corporation for Transaction of Business under Fictitious Name" is immaterial, says appellant. We do not agree.

Said certificate (No. F 200,142) notified the world the Murray Plumbing and Heating Corporation was doing business, in the County of Los Angeles at least, under the name of "Murray Company." The State of California through its Department of Professional and Vocational Standards, issued its C-36 license No. 162,382 (for plumbing contractors) to "Murray Plumbing and Heating Corporation, doing business as Murray Company." It was this licensee of the State that filed the stop notice dated October 25, 1961, out of which this litigation arises. It was because of this (and a second stop notice) that the release bond was filed under Cal.Code Civ.Proc. § 1192.1(f). All this was known to the trial court (Tr. pp. 68–69) and upon such

showing, the trial judge found this suing plaintiff was the legal entity which had contracted with the general contractor (Finding 5, Tr. p. 71), and that this same plaintiff was licensed as a plumbing and heating company under the laws of the State of California (Finding 14, Tr. p. 72). As to these facts, no genuine issue exists. The district court correctly concluded that appellee was validly licensed.

■■ Appellant urges that appellee's sole remedy was an action under the stop notice procedure; that the plaintiff herein was required to sue the public body; that the latter was the only legal entity withholding the money. We disagree. Cal.Code Civ.Proc. § 1192.1(f) refers to claims filed against "the contractor, subcontractor, or other person," not alone against the public body making the contract with the general contractor. The claim in dispute is between the materialman and the prime contractor. The surety, in guaranteeing the payment of the claim guarantees the payment of the claim made by the materialman against the prime contractor. The materialman has no original right, under the stop notice procedure, against the public body.

> "These conditions [of payment of the bond] relate only to the controversy between the claimant and the principal on the bond, who is presumably the party who agreed to pay for the materials furnished." H. G. Fenton Material Co. v. Noble, 1932, 127 Cal.App. 338, 15 P.2d 884.

■ It is undisputed that the statute which authorizes the bond must be read into the terms of the bond. The bond in question is a statutory bond given under and according to the terms of the statute. Myers v. Alta Construction Co., 37 Cal.2d 739, 235 P.2d 1. California Code Civ.Proc. § 1192.1(f) provides:

> "The sureties upon the bond are jointly and severally liable *to the claimant*." (Emphasis added.)

Appellant asserts that this language contained in the statute means nothing; that "to the claimant" should be read

"for the claim." We cannot torture the clear meaning of words to rewrite the statute. And the fact that plaintiff is not a *named* obligee is of no importance. 43 Am.Jur. § 155.

[5] There are two other sound reasons why we think appellee can sue appellant, and is not required to sue the public body. The first is that the appellant prepared this statutory bond and filed it to comply with a statutory purpose. It will be most liberally interpreted to effect the purpose of the statute and to protect the materialman it was intended to protect.

The second reason is that the public owner's original status as stakeholder ceases once the stop order is filed. The public body must then release the money to the contractor, and the public body then holds no "stake."

The bond is there for the purpose of protecting the ultimate winner of the dispute; the claimant mentioned in the statute, or contractor, against whom the claim is originally made and the fact of its existence, running in favor of the materialman, enables the public body to cease being the stakeholder.

■ Nor can we agree with appellant that he is not bound by the judgment rendered in the arbitration proceedings. If a surety, by the terms of his contract undertakes with reference to pending litigation to be responsible for the result of a suit between others, then he is conclusively bound by the judgment. Prescott v. Farquhar, 1936, 12 Cal.App.2d 286, 55 P.2d 283.

Here, if not expressly, the surety at least impliedly represented it would be responsible for any judgment against its principal. In the absence of fraud or collusion (and none is here charged), it is bound by the judgment, even though it was not a party or privy to it, or notified of the action. Freeman, Law of Judgments, (5th ed. 1925) § 458.

The bond sued on by its terms covered the claim here presented. Other points raised, we need not discuss.

Affirmed.