*654
 
 Opinion
 

 THOMPSON, J.
 

 In this appeal, we consider the narrow issue of the extent of protection afforded a public entity by the filing of a surety bond by a general contractor pursuant to Civil Code section 3196 in order to secure the release of funds withheld from the contractor by reason of a dispute over a stop notice filed with the entity by a subcontractor. We conclude that a public entity which honors the section 3196 bond by releasing withheld funds to the general contractor is relieved of any liability resulting from the stop notice. Accordingly, we reverse a trial court judgment holding defendant Redondo Beach City School District liable to plaintiff Cal-Pacific Materials Company, the subcontractor.
 

 The parties agree on the operative facts. Redondo Beach City School District (School District) contracted with Willens & Bertisch Co., Inc. (Willens) for the construction of improvements upon School District real property. Safeco Insurance Company of America (Safeco) issued its payment bond covering the project. Willens subcontracted plastering and related work on the job to Western States Lathing and Plastering Co., Inc. (Western States). Western States in turn purchased on open book account materials for the project from plaintiff, Cal-Pacific Materials Company, (Cal-Pacific).
 

 Cal-Pacific directed a letter to Western States saying that $1,936 was due it for materials supplied for the public improvement and sent a copy of the letter to Willens. Relying upon the letter, Willens disbursed $4,064 to Western States and retained $1,936 of the amount due from Willens to the latter to cover Cal-Pacific’s demand. Willens did not pay the $1,936 to Cal-Pacific but continued to hold the sum. In fact, $9,701.06 was due from Western States to Cal-Pacific as the result of materials furnished for the job; the amount stated in the letter to Western States, a copy of which was furnished Willens, was in error.
 

 Cal-Pacific, not having been paid the $9,701.06 due from Western States on the open book account, invoked the statutory procedure embodied in Civil Code section 3179 et seq. It served a stop notice upon School District memorializing the debt of Western States in the amount of $9,701.06 for material used in the public improvement. By reason of the stop notice, School District withheld from payments otherwise due Willens, the prime contractor, the amount required by the notice.
 

 
 *655
 
 Willens filed a release bond in the statutory form and amount with School District. That bond, also issued by Safeco, obligated the surety to pay any sum which Cal-Pacific might recover on its stop notice claim plus litigation costs. School District accepted the bond and released to Willens the funds it had withheld pursuant to the stop notice.
 

 Cal-Pacific filed two separate lawsuits which, as subsequently consolidated, constitute the case at bar. One of the actions seeks to hold Safeco liable on its payment bond for the $9,701.06 claim of Cal-Pacific against Western States. The other action does not name Safeco or seek recovery on Safeco’s release bond. It is directed against Western States and School District and seeks recovery on the stop notice and in a separate cause of action on a common count.
 
 [1]
 

 The trial court held for Cal-Pacific in its action against Safeco on the payment bond but reduced Cal-Pacific’s recovery by $4,064 on the theory that Cal-Pacific’s conduct in sending its letter claiming only $1,936 estopped it from recovering from the surety on the payment bond funds disbursed in reliance on the letter. The court held also, however, that Cal-Pacific was entitled to recover the entire $9,701.06 from School District.
 

 School District appealed from the judgment against it. Only that judgment is at issue here.
 

 We conclude that the judgment against School District is erroneous. Persuasive authority establishes: (1) that the district’s liability terminated upon its disbursement to the prime contractor of withheld funds when the release bond was filed; and (2) that then Cal-Pacific’s sole recourse upon the stop notice was an action against the surety on that bond, an action which Cal-Pacific elected not to file.
 

 Pursuant to a detailed statutory scheme codified in section 3179 et seq. of the Civil Code, an unpaid subcontractor or materialman supplying labor or material used in construction of a public improvement may protect his right to recover the amount due him by serving a stop notice upon the contracting public entity. (Civ. Code, § 3181.) The public entity, “upon receipt of a stop notice . . . [must]. . . withhold from the original contractor . . . money . . . due or to become due to such contractor in an
 
 *656
 
 amount sufficient to answer the claim stated in such stop notice and to provide for the reasonable cost of any litigation thereunder.” (Civ. Code, § 3186.) “If the original contractor or subcontractor disputes the correctness or validity or enforceability of any stop notice, the public entity may, in its discretion, permit the original contractor to file with the public entity a bond executed by a corporate surety, in an amount equal to 125 percent of the claim stated in the stop notice conditioned for the payment of any sum which the stop notice claimant may recover on the claim together with his costs of suit in the action. . . . Upon the filing of such bond with the public entity, the public entity shall not withhold any money . . . from the original contractor on account of the stop notice. The surety or sureties upon such bond shall be jointly and severally liable to the stop notice claimant with the surety or sureties upon any payment bond. . . .” (Civ. Code, § 3196.)
 

 Cal-Pacific’s right if any to recover from School District for the material furnished by it to Western States to be used in the construction rests only upon the stop order statutory scheme. (See
 
 Dorris
 
 v.
 
 Alturas School District
 
 (1914) 25 Cal.App. 30, 32 [142 P. 795].) School District contracted with Willens and not with Cal-Pacific. Cal-Pacific sold its materials to Western States, Willen’s subcontractor, and not to School District. Lack of privity thus precludes recovery by Cal-Pacific unless recovery is permitted because of the stop notice.
 

 Here the stop notice process does not impose liability upon School District. Upon the service of the notice by Cal-Pacific, School District became, by reason of Civil Code section 3186, a stakeholder of the sums withheld from the prime contractor because of the stop notice. (Cal. Mechanics’ Liens and Other Remedies (Cont.Ed.Bar 1972) pp. 107, 114, 282, 284.) By reason of Civil Code section 3196, School District ceased to be a stakeholder when it accepted the release bond filed by Willens. Then its duty was discharged by release of the withheld funds and Cal-Pacific was entitled to look to the surety of the release bond for payment.
 
 (Glens Falls Insurance Co.
 
 v.
 
 Murray Plumbing & Heating Corp.
 
 (9th Cir. 1964) 330 F.2d 800, 803-804.) School District having discharged its duty, Cal-Pacific had no right of action against it.
 
 (Glens Falls Insurance Co.
 
 v.
 
 Murray Plumbing & Heating Corp., supra,
 
 at p. 803.)
 

 It follows that the trial court action imposing direct liability upon School District despite the release bond is erroneous.
 

 
 *657
 
 Cal-Pacific seeks to avoid the seemingly compelled result by arguing that its dispute over payment was with a subcontractor, Western States, and not with Willens so that a bond secured by Willens not naming Western States as a principal does not comply with Civil Code section 3196.
 

 That argument ignores both the wording of section 3196 and the fundamental nature of the rights created by a stop notice and a release bond.
 

 Civil Code section 3196 permits the deposit of a release bond by the prime contractor on the public work if “the original contractor or subcontractor disputes the correctness or validity ... of [the] stop notice. . . .” The fund reached by the stop notice is that due the prime contractor by the public entity regardless of who in the subcontract chain asserts the disputed claim. When the stop notice was served, School District became a stakeholder obligated to refrain from disbursing funds to its prime contractor until the rights of any subcontractor serving a stop notice were protected by a release bond substituting the obligation of the bonding surety for the stake. Because here the release bond became the substitute for the monetaiy fund previously withheld and Cal-Pacific retained its right to proceed against the bond as it would against the withheld fund, the purposes of the statute are served despite the fact that the bond was obtained by a principal who was not a direct party to the dispute with Cal-Pacific. Cal-Pacific’s determination not to pursue its right on the release bond cannot create a new right of action expressly contrary to the statute.
 

 The judgment is reversed.
 

 Lillie, Acting P. J., and Hanson, J., concurred.
 

 [1]
 

 This appeal does not involve the common count.